Michael F. Lutz (WSB # 7-5180)
THE SPENCE LAW FIRM, LLC
15 S. Jackson Street P.O. Box 548
Jackson, WY 83001
307-733-7290 / 307-733-5248 (fax)
lutz@spencelawyers.com

*Attorney for the Plaintiff*
FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2019 MAY 24 AM 10: 58
STEPHAN HARRIS, CLERK
CHEYENNE

# UNITED STATES DISTRICT COURT
# DISTRICT OF WYOMING

| | |
|---|---|
| DAVID THORBUS, <br><br> Plaintiff, <br><br> v. <br><br> H.H. WILLIAMS TRUCKING, LLC and FRED LEE WILLIAMS (a/k/a Freddy Williams), <br><br> Defendants. | Case No. 19-cv-106-S <br><br> COMPLAINT AND DEMAND FOR JURY TRIAL |

## I. PARTIES

1. Plaintiff David Thorbus is a Florida citizen.

2. Defendant H.H. Williams Trucking, LLC ("H.H. Williams") is a limited liability company incorporated in Colorado with its principal place of business in Colorado.

3. Defendant Fred Lee Williams (a/k/a Freddy Williams) is a Colorado citizen.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the suit is between citizens of different states and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

5. This Court has personal jurisdiction over Defendants pursuant to W.S. § 5-1-107(a) and caselaw interpreting the Due Process Clause because Mr. Thorbus's claims arise from a motor vehicle collision in Wyoming as a result of Defendants' acts and omissions in Wyoming.

6. For the same reason, venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2).

### III. FACTS

7. On December 3, 2016 at approximately 12:30 p.m. Mr. Thorbus was driving an F-750 west on I-80 between Laramie and Elk Mountain.

8. Mr. Thorbus was in the right lane.

9. The roadway sloped uphill.

10. Mr. Thorbus was driving approximately 55 miles per hour.

11. Conditions were clear, dry, and windy.

12. The roadway had a slight curve, but there was a long line of sight and Mr. Thorbus's truck was plainly visible from behind for a significant distance.

13. At the same time, Mr. Williams was driving a tractor-trailer west on I-80 behind Mr. Thorbus.

14. Mr. Williams passed a series of other vehicles by driving in the left lane.

15. Mr. Williams then moved into the right lane behind Mr. Thorbus.

16. Mr. Williams watched one of the vehicles that he had just passed moving around in the wind, instead of watching the road and vehicles in front of him.

17. Mr. Williams drove his tractor-trailer into the rear of Mr. Thorbus's truck.

18. Mr. Thorbus suffered injuries, including a back injury, as a result of the collision.

19. Mr. Thorbus now suffers from permanent pain that requires periodic ablation procedures.

20. Mr. Thorbus's permanent injuries have diminished his ability to perform his job duties, and as a result he has lost income and earning capacity.

### IV. CAUSE OF ACTION — NEGLIGENCE

21. Mr. Williams owed a duty to use reasonable care to avoid injuring other drivers.

22. Mr. Williams breached his duties through acts and omissions including but not limited to:

    a. failing to keep a proper lookout;

    b. failing to maintain adequate control over his vehicle;

    c. failing to avoid a slower-moving vehicle;

    d. failing to pass on the left at a safe distance when overtaking Mr. Thorbus's truck in violation of W.S. § 31-5-203; and

    e. following too closely in violation of W.S. § 31-5-210.

23. As a corporate entity, H.H. Williams can act only through its directors, officers, and agents (including employees). H.H. Williams is vicariously liable for the culpable acts and omissions of its directors, officers, and agents (including employees) acting within the course and scope of their duties.

24. At all relevant times, Mr. Williams was an H.H. Williams employee and was acting within the course and scope of his employment.

25. H.H. Williams is vicariously liable for Mr. Williams' negligence under the common law and 49 C.F.R. § 376.12(c)(1).

26. H.H. Williams owed a duty to exercise reasonable care in hiring, training, supervising, retaining, and entrusting a vehicle to Mr. Williams; and in establishing policies and procedures applicable to Mr. Williams.

27. On information and belief, H.H. Williams may have breached these duties. This

information cannot be learned without the benefit of discovery, as the relevant information is in Defendants' sole possession.

28. As a direct and proximate result of Defendants' negligent acts and omissions, Mr. Thorbus has incurred damages including but not limited to past and future:

   a. medical and related expenses;

   b. loss of earnings and earning capacity;

   c. pain, suffering, and emotional distress; and

   d. inconvenience and loss of enjoyment of life.

## V.   PRAYER FOR RELIEF

Mr. Thorbus respectfully requests that the Court enter judgment in his favor and against Defendants for:

1. general damages;

2. special damages; and

3. costs, interest, and such other relief that the Court deems just and equitable.

DATED this 20th day of May, 2019.

_____
Michael F. Lutz (WSB # 7-5180)
THE SPENCE LAW FIRM, LLC
15 S. Jackson Street P.O. Box 548
Jackson, WY 83001
307-733-7290 / 307-733-5248 (fax)
lutz@spencelawyers.com

*Attorney for the Plaintiff*

## DEMAND FOR JURY TRIAL

Pursuant to F.R.C.P. 38 Plaintiff respectfully requests that all issues in this case be tried to a jury of six, or whatever minimum number is required by the Local Rules at the time of trial.

DATED this 20th day of May, 2019.

_____
Michael F. Lutz (WSB # 7-5180)
THE SPENCE LAW FIRM, LLC
15 S. Jackson Street P.O. Box 548
Jackson, WY 83001
307-733-7290 / 307-733-5248 (fax)
lutz@spencelawyers.com

*Attorney for the Plaintiff*